William HOUSTON, Petitioner—
Appellant,

v.

D.K. SISTO, Respondent—Appellee.

No. 08–17711.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 29, 2010.*

Filed Dec. 7, 2010.

Meredith Fahn, San Jose, CA, for Peti-
tioner–Appellant.

William Houston, Represa, CA, pro se.

Brian R. Means, Deputy Attorney Gen-
eral, Sacramento, CA, for Respondent–Ap-
pellee.

Before: SCHROEDER, THOMAS, and
GOULD, Circuit Judges.

MEMORANDUM **

Habeas petitioner William Houston chal-
lenges his California state conviction of
two counts of robbery. He contends that
he was denied his Sixth Amendment right
to self-representation. The state court of
appeal's finding that his request was un-
timely and its affirmance of the trial
court's denial of the request for self-repre-
sentation did not violate any clearly estab-
lished Supreme Court precedent. 28
U.S.C. § 2254(d)(1). The Supreme Court
in *Faretta v. California,* 422 U.S. 806, 95
S.Ct. 2525, 45 L.Ed.2d 562 (1975), con-
firmed that the right to represent oneself
is embedded in the Sixth Amendment, *id.*
at 819, 95 S.Ct. 2525, but the request for

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

self-representation must be unequivocal and timely, *id.* at 835–36, 95 S.Ct. 2525. A request for self-representation must not be a tactic to secure delay. *Armant v. Marquez,* 772 F.2d 552, 555 (9th Cir.1985).

The record supports the state court's finding that petitioner's request was intended to cause delay. Petitioner had withdrawn his earlier request for self-representation, and renewed it only on the day set for trial. *See Fritz v. Spalding,* 682 F.2d 782, 784–85 (9th Cir.1982) (stating that in deciding whether a *Faretta* motion was made for the purpose of delay, courts must consider the events preceding the motion to determine whether defendant could reasonably be expected to have made the motion earlier). Here, petitioner could, and did, make a request earlier. The second request was appropriately viewed as a delaying tactic.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.